| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 3:00-cr-00095 |
| | ) | |
| THOMAS ALBERT NICHOLS | ) | JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 296), motion to appoint counsel (Doc. No. 297), and motion to amend (Doc. No. 308). In support of the motion, Defendant filed medical records, letters of support, a list of programming completed, and supplemental medical records. (Doc. No. 296, Exs. E, F; Doc. No. 301). The Government responded in opposition to the original motion (Doc. No. 305) and filed medical records (Doc. No. 305-1). The Court did not order a response to Defendant's motion to amend, and the Government did not file one. (*See* Doc. No. 308). In that motion, Defendant seeks leave to amend the original motion to include additional bases for relief taking into account amendments to the Sentencing Guidelines that went into effect after he filed the original motion. The motion for leave to amend (Doc. No. 308) is **GRANTED** and the Court will consider the additional grounds stated in the supplemental motion. The Court finds appointment of counsel is not warranted, accordingly Defendant's motion for appointment of counsel (Doc. No. 297) is **DENIED**.

For the reasons stated herein, Defendant's motion for compassionate release, as amended (Doc. Nos. 296, 308) is **DENIED**.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2002, Defendant Thomas Albert Nichols was tried by jury and convicted of extortion with use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(d), and bank extortion by forced accompaniment in violation of 18 U.S.C. §§ 2113(e). (Doc. No. 155). He was sentenced to serve 405 months in prison. (Doc. No. 205). His expected release date is August 31, 2030. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed May 6, 2026).

Defendant requests the Court grant him a reduction in sentence because he is an individual at risk of serious complications from COVID-19 due to his age and medical conditions. Defendant states that he has high blood pressure, possible heart disease, diabetes, hepatitis C, high cholesterol, and high levels of triglycerides. (Doc. No. 296). In a supplemental filing, Nichols asserts that his medical records show he has suffered a heart attack at some time in the past. (Doc. No. 301).

In the amended motion, Nichols raises additional grounds for relief based on amendments to the U.S. Sentencing Guidelines. (Doc. No. 308). He contends his medical conditions, advanced age, "other reasons," and unusually long sentence, individually or in combination, are extraordinary and compelling reasons for a reduction in sentence. (*Id*. at 2). He adds the following conditions to the list of medical conditions cited in the initial motion: obesity, gastro-esophageal reflux disease, pain in his knee and ankle, eye conditions, hearing problems, and dental conditions (no teeth). He claims some of these conditions are not being adequately treated by the prison – he claims to need a hearing test, dentures, and different treatment for his eye condition and knee and ankle pain. (*Id*. at 3). Defendant also asserts that "problems with his heart" is a "serious and debilitating medical condition that requires expert and specialized medical care that he cannot

---

[1]   The background of this case is set forth in detail in prior judicial opinions. *See United States v. Nichols*, 100 F. App'x 524 (6th Cir. 2004); *United States v. Smith*, 320 F.3d 647 (6th Cir. 2003).

receive in prison." (*Id*. at 4). He also claims to be suffering "serious deterioration in physical or mental health because of the aging process" and states that his "conditions are getting worse as time go on without treatment." (*Id*.).

Defendant presented requests for compassionate release to the warden on April 23, 2023, citing concerns about COVID-19 and his medical conditions, and on June 24, 2024, based on his age, medical conditions, unusually long sentence, and "other reasons"; both requests were denied. (*See* Doc. Nos. 296 (Exs. A and B), 308 (Exs. 1 and 2)).

## II.     STANDARD OF REVIEW

A district court generally "lacks authority to modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statue, 18 U.S.C. § 3582(c)(1)(A), is one exception. The compassionate release statute states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction; or
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).  In summary, the statute gives the district court discretion to reduce a term of imprisonment if three criteria are met: (1) extraordinary and compelling reasons for a reduction; (2) applicable policy statements issued by the Sentencing Commission; and (3)

3

consideration of applicable § 3553(a) factors.[2] A district court "may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021); *see also, United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) ("A court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction.").

*Extraordinary and Compelling*

The first and second criteria - extraordinary and compelling reasons and applicable policy statements by the Sentencing Commission – are generally considered together. *See United States v. Williams*, 161 F.4th 951 (6th Cir. 2025) (stating that because "the text of 18 U.S.C. § 3582 provides little guidance on how to interpret the words 'extraordinary and compelling,' but Congress expressly tasked the Sentencing Commission with interpreting that phrase," courts "look to applicable policy statements from the Sentencing Commission to determine what constitutes an extraordinary and compelling reason to grant compassionate release").

The Sentencing Commission's policy statement on reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) states that extraordinary and compelling reasons exist under six circumstances: (1) medical circumstances of the Defendant; (2) age of the Defendant; (3) family circumstances of the Defendant; (4) the Defendant was a victim of abuse while in custody; (5) "other reasons" of "similar gravity" to the first for reasons described considered themselves or

---

[2] The statute also allows the Court to reduce the sentence of a defendant who is "at least 70 years of age, [and] has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(ii). Although Defendant is at least 70 years old, he has not served 30 years in prison. (*See* Sentencing Data as of July 2, 2024, Doc. No. 308-1 at Page ID# 2258).

together with any of those reasons; and (6) changes in the law if the Defendant received an unusually long sentence, has served at least 10 years of the term of imprisonment and the changes in law would produce a "gross sentencing disparity." U.S.S.G. § 1B1.13(b)(1) – (6). The Sixth Circuit has held that the last circumstance on this list, U.S.S.G. § 1B1.13(b)(6), which would allow a court to consider changes in the law as an extraordinary and compelling reason for a reduction in sentence, is invalid. *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025); *petition for cert. filed*, Case No. 25-81 (U.S. Jul. 18, 2025). Accordingly, unusually long sentences and changes in the law are not currently a viable basis for granting a motion for compassionate release in the Sixth Circuit. *See also*, U.S.S.G. § 1B1.13(c) ("a change in the law shall not be considered for purposes of determining whether an extraordinary and compelling reason exists").

Finally, the policy statement specifically provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

*Sentencing Factors Under 18 U.S.C. § 3553(a)*

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with a number of factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the applicable Sentencing Guidelines range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

III.    ANALYSIS

**A. Age and Medical Circumstances**

Defendant argues his advanced age coupled with medical conditions presents extraordinary and compelling reasons for a reduction in sentence. The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13(b)(1), (2) addresses these topics. It provides:

(1)  <u>Medical Circumstances of the Defendant</u>.—

(A)    The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)    The defendant is—

(i)    suffering from a serious physical or medical condition,

(ii)    suffering from a serious functional or cognitive impairment, or

(iii)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)    The defendant presents the following circumstances—

(i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

6

> outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii)  such risk cannot be adequately mitigated in a timely manner.
>
> (2)  <u>Age of the Defendant</u>.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13(b)(1), (2).

The medical conditions listed by Defendant include: high blood pressure, possible heart disease, diabetes, hepatitis C, high cholesterol, and high levels of triglycerides, obesity, gastro-esophageal reflux disease, pain in his knee and ankle, eye conditions, hearing problems, dental conditions (no teeth), and a prior heart attack. (Doc. Nos. 296, 308). He claims some of these conditions are not being adequately treated by the prison – he claims to need a hearing test, dentures, and different treatment for his eye condition and knee and ankle pain – and claims the "problems with his heart" require specialized medical care that he cannot receive in prison. (Doc. No. 308 at 3-4). Defendant also generally claims to be suffering a "serious deterioration in physical or mental health because of the aging process" and states that his "conditions are getting worse as time go on without treatment." (*Id*. at 4).

The Court is not persuaded that Defendant's medical conditions rise to the level of extraordinary and compelling circumstances. As an initial matter, there is not currently an outbreak of COVID-19 or other infectious disease or an ongoing public health emergency. A review of the medical records submitted to date shows that Defendant is receiving regular medical care and treatment for his conditions. There is no indication that he is unable to care for himself. And, although Defendant takes issue with the treatment provided from some of his conditions, there is no indication that he is at risk of serious deterioration in health or death due to failure to treat his

medical conditions. Finally, although Defendant is over the age of 65 and undoubtedly experiences the effects of aging, including hearing loss, the Court is not persuaded that he is experiencing a "serious deterioration in physical or mental health" such that subsection (b)(2) would apply at this time particularly given that there is no indication that he is unable to provide self-care or to function in the prison environment.

## B.  Other Reasons

The policy statement also states that extraordinary and compelling circumstances may be found if the Defendant presents "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are or similar gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) include medical and family circumstances of the Defendant, age, and victim of abuse. U.S.S.G. § 1B1.13(b)(1) – (4).

Defendant lists twelve reasons that he contends should be considered together as "other reasons" for relief:

(1)   The length of time that Mr. Nichols has already served in prison, which is going on 23 years;
(2)   Serving an unusually long sentence
(3)   Mr. Nichols was sentenced under a Mandatory Sentencing regime to an unusually long sentence that is no longer in effect and has been declared unconstitutional.
(4)   Harsh prison conditions caused by the Covid-19 pandemic
(5)   Extensive Medical Conditions that are not receiving adequate medical care while incarcerated.
(6)   Advanced Age.
(7)   Significant Rehabilitation while in prison.
(8)   Sentencing disparity between defendants with similar conduct or much worse.
(9)   BOP's determination that Mr. Nichols is not a danger to anyone in the community.
(10)  Mr. Nichols' low recidivism rate based on his age.
(11)  His solid release plan, and his family support upon his release.
(12)  The adverse effect of long term incarceration on life expectancy.

8

(Doc. No. 308 at 5).

The Court has considered whether the reasons cited by Defendant, alone or in combination, are extraordinary and compelling reasons for a sentence reduction and finds that they are not. As an initial matter, the Court notes that the length of sentence and changes in the law are not "of similar gravity" to the reasons described in U.S.S.G. § 1B1.13(b)(1) – (4), and therefore have not been considered among the "other reasons" under this paragraph (5). *See* U.S.S.G. § 1B1.13(b)(5). That being said, there is no question that Defendant is serving a very long sentence during which he has made efforts toward rehabilitation by taking advantage of available programming and mentoring younger inmates. During his lengthy incarceration, Defendant has aged and experienced medical conditions, many of which are commonly associated with the aging process. Even taken together, the reasons identified by Defendant are largely expected of anyone serving long sentence of imprisonment. They are not extraordinary, alone or in combination.

### C. Unusually Long Sentence

Defendant also argues that there are extraordinary and compelling reasons for a reduction in sentence under the Sentencing Commission's policy statement at U.S.S.G. §§ 1B1.13(b)(6). As stated above, the Sixth Circuit has held that nonretroactive changes in the law cannot be "extraordinary," that the Sentencing Commission overstepped its authority when it promulgated a policy statement to the contrary, and that the policy statement is therefore invalid. *Bricker*, 135 F.4th at 430. Accordingly, the fact that the Sentencing Guidelines were held to be discretionary rather than mandatory after Defendant was sentenced is not a basis for a reduction in sentence.

Because extraordinary and compelling reasons for a reduction in sentence do not exist, the Court does not separately consider whether the sentencing factors in Section 3553(a) would support a reduction in sentence.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds no extraordinary and compelling reasons to warrant a reduction in sentence. Accordingly, Defendant's motion and supplemental motion for sentence reduction (Doc. Nos. 296, 308) are **DENIED**. If Defendant experiences a change in medical or other circumstances, he may file a renewed motion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

10